<u>NOT FOR PUBLICATION</u>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SHAUN JOSEPH GRIMALDI,<br><br>      Debtor. | Case No. 24-14547 (MEH)<br><br>Chapter 7 |
| ALBAN WILSON,<br><br>      Plaintiff,<br><br>v.<br><br>SHAUN JOSEPH GRIMALDI,<br><br>      Defendant. | Adv. Pro. No. 24-01517 (MEH)<br><br>Hearing Date: July 10, 2025 |

**MEMORANDUM OPINION**

Before the Court for consideration is a motion (the "**Motion**") filed by plaintiff-creditor Alban Wilson ("**Plaintiff**") for an Order remanding the Award issued in the FINRA Arbitration captioned *Alban Wilson v. E1 Asset Management, Inc., Jae Hun Kim, Shaun Joseph Grimaldi and Ron Yehuda Itin*, Arbitration No. 23-00643, (the "**Arbitration Award**" or "**Award**"), to the FINRA Arbitration Panel (the "**Arbitration Panel**" or "**Panel**") for the limited purpose of clarifying whether the $1,604,814.00 in compensatory damages awarded to Plaintiff was based on a finding that debtor-defendant Shaun Joseph Grimaldi (the "**Debtor**") was liable for churning. (*See* Pl.'s Mot. for Remand, Doc. No. 29). The Debtor filed an opposition to the Motion, (*see* Debtor's Opp'n Br., Doc. No. 33), to which Plaintiff filed a reply. (*See* Pl.'s Reply, Doc. No. 39). For the reasons discussed below, the Court **DENIES** the Motion.

I.   BACKGROUND

Plaintiff commenced this adversary proceeding seeking a determination that the debt underlying the Arbitration Award is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(a)(19), as a debt arising from actual fraud, fiduciary fraud or defalcation, willful and malicious injury, and violation of federal securities laws, respectively. (*See* Compl., Doc. No. 1).

Plaintiff moved for summary judgment based on the issue preclusive effect of the Arbitration Award. (*See* Pl.'s Mot. for Summ. J., Doc. No. 11). Specifically, Plaintiff argued that the Arbitration Award—issued by the Arbitration Panel on April 3, 2024, after conducting an eight-day, in-person hearing—established that the Arbitration Panel had found the Debtor liable for churning, a type of fraud.[1] (*See* Pl.'s Summ. J. Br. at 7, Doc. No. 11-1). This Court found that the Arbitration Award, on its face, made no such express determination. The Arbitration Award provides that the Debtor, along with two other respondents, is jointly and severally liable to Plaintiff for the sum of $1,604,814.00 in compensatory damages but does not identify which of Plaintiff's eight causes of action, none of which the Arbitration Panel dismissed, correspond with the damages awarded, nor does the Arbitration Award include any findings of fact or conclusions of law.[2] (*See* Arb. Award, Ex. K to Pl.'s Summ. J. Mot., Doc. No. 11-13). Consequently, this Court

---

[1] Churning "is a shorthand expression for a type of fraudulent conduct in a broker-customer/investor relationship" that "occurs when a broker overtrades the account of a customer to generate inflated sales commissions, in violation of [the Security and Exchange Commission's] Rule 10(b)–5." *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 407 (D.N.J. 1999) (quotation marks and citations omitted); *see also Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 943 n.6 (3d Cir. 1985).

[2] The eight causes of action Plaintiff asserted in the Arbitration proceeding included: securities fraud; common law fraud; negligence; breach of contractual and legal duties; failure to supervise, respondeat superior, and control person liability; unsuitability; breach of fiduciary duties; and unjust enrichment. (*See* Arb. Award, Ex. K to Pl.'s Summ. J. Mot., Doc. No. 11-13).

2

could not determine whether the elements for any claim under section 11 U.S.C. § 523(a) were present and satisfied by the Arbitration Award. The Court concluded that the Arbitration Award was not entitled to collateral estoppel effect and denied Plaintiff's motion for summary judgment without prejudice by way of an oral decision on April 8, 2025. (*See generally* Apr. 8, 2025 Summ. J. Hr'g Tr., Doc. No. 28).

At the conclusion of the Court's decision, the Court acknowledged that Plaintiff's reply in further support of summary judgment included a reference to the notion that remanding the Arbitration Award to the Arbitration Panel to allow the Panel to clarify an ambiguity in the Award would be appropriate under Third Circuit caselaw. (*See id.* 30:2-12). While the question of whether to remand was not before the Court at that time, the Court stated it would consider whether that relief was appropriate if Plaintiff decided to file a motion for remand, allowing the Debtor the opportunity to oppose such motion.[3] (*See id.* 31:15-25). Plaintiff subsequently filed this Motion.

## II. DISCUSSION

As a general rule, once an arbitrator issues a final award, the doctrine of *functus officio* bars the arbitrator from revisiting or reexamining the merits of the award. *See Off. & Pro. Emps. Int'l Union, Loc. No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 331 (3d Cir. 1999); *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 331 (3d Cir. 1991). The Third Circuit has recognized

---

[3] More precisely, the Court stated:

> I'm happy to entertain that [motion for clarification]. I haven't, obviously, don't know the merits of it, so I can't rule on whether or not the Court will find it acceptable. But I certainly would, in moving the case forward, if that's helpful to the parties, I'll consider it. And of course the Debtor has every right to object to it if it's—if the Debtor finds [it] is not helpful moving forward or finds that there's not grounds for it.

(*See* Apr. 8, 2025 Summ. J. Hr'g Tr. 31:18-25, Doc. No. 28).

three limited exceptions to this rule:

> (1) an arbitrator can correct a mistake which is apparent on the face of his award;
>
> (2) where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and (3) [w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.

*Colonial Penn Ins.*, 943 F.2d at 332. Plaintiff argues only that the third exception is applicable here and does not address the first or second exceptions. (*See* Pl.'s Br. at 5-6, Doc. No. 29-1; Pl.'s Reply at 3-4, Doc. No. 39).

Ambiguity that warrants remand is typically ambiguity in the remedy that affects the enforceability of the award. *See Colonial Penn Ins.*, 943 F.2d at 334 ("[W]hen the remedy awarded by the arbitrators is ambiguous, a remand for clarification of the intended meaning of an arbitration award is appropriate."); *see also Brownsville Gen. Hosp.*, 186 F.3d at 332-33 (finding that where an essential element of the remedial scheme crafted by the arbitrator was unenforceable, an ambiguity existed that required the arbitrator's clarification). In other words, "[w]here an award itself is too ambiguous to enforce, the court must remand it for clarification." *Verizon Pa., LLC v. Commc'ns Workers of Am., AFL-CIO, Loc. 13000*, 13 F.4th 300, 309 (3d Cir. 2021). Remand, however, "is to be used sparingly[,]" *Colonial Penn Ins.*, 943 F.2d at 334, and is generally "a disfavored procedure." *JNESO Dist. Council 1, IUOE v. Saint Michael's Med. Ctr.*, No. 21-13316, 2022 WL 986270, at *3 (D.N.J. Apr. 1, 2022).

Plaintiff argues that remand of the Arbitration Award so that the Arbitration Panel can specify which cause or causes of action it based the Award on is warranted under the *functus officio*

4

doctrine's ambiguity exception. (*See generally* Pl.'s Br., Doc. No. 29-1). Plaintiff asserts that "[t]his Court has already acknowledged that the Award is ambiguous" when the Court stated in its summary judgment ruling: "[it is] impossible to tell which issues were decided and on which of the plaintiff's eight claims the panel based its award." (*See* Pl.'s Reply at 5, Doc. No. 39 (quoting Apr. 8, 2025 Summ. J. Hr'g Tr. 29:10-12, Doc. No. 28)).

The Court finds Plaintiff's arguments misplaced and unpersuasive. Third Circuit caselaw, including that on which Plaintiff relies in support of his Motion, contemplates a court's power to remand an arbitration award in the specific, limited circumstance of when an ambiguity in the award's remedial scheme renders the award unenforceable and prevents the court from confirming or enforcing the award in the absence of clarification from the arbitrator. *See Colonial Penn Ins.*, 943 F.2d at 334-35; *see also Brownsville Gen. Hosp.*, 186 F.3d at 331-33. For example, an "arbitral award would be deemed unenforceable if part of the consideration awarded did not, in fact, exist." *Colonial Penn Ins.*, 943 F.2d at 335. "Under such circumstances, the district court would be authorized to remand so that the arbitrators themselves could clarify their intent as to the remedy awarded." *Id.*

The situation encountered here does not concern the remedy or the consideration awarded to Plaintiff, nor does it concern the Arbitration Award's enforceability. This Court's prior determination that it could not discern which claims the Arbitration Panel had based the Arbitration Award on was made in the context of the Court's analysis as to whether there was sufficient information in the Award for the Court to give it preclusive effect and make findings of nondischargeability in Plaintiff's favor at the summary judgment stage. The Court made no determination on—and significantly, had no reason to make any determination on—whether the Arbitration Award's remedy was ambiguous such that it was unenforceable and required

5

clarification by the Arbitration Panel. That the Arbitration Award does not provide enough information for collateral estoppel effect is not the equivalent of the Arbitration Award being so ambiguous that its remedy cannot be enforced. Thus, this situation does not fit within the *functus officio* doctrine's ambiguity exception and the Court consequently is without the authority to remand the Arbitration Award to the Arbitration Panel for clarification.

Further, while Plaintiff may wish, for his own purposes in this Adversary Proceeding, that the Arbitration Panel had specified to which claims the lump sum damages amount corresponded or had provided a more fulsome basis for its Award, the Court cannot conclude that the Panel was required to do so. FINRA Rule 12904 governing the procedure and content requirements for the arbitrators' awards does not require arbitrators to provide a rationale for their decisions. *Compare* FINRA Rule 12904(e) (outlining information an award *must* contain), *with* FINRA Rule 12904(f) (providing "[t]he award *may* contain a rationale underlying the award") (emphasis added). Instead, to the extent the parties wanted an explained decision—that is, "a fact-based award stating the general reason(s) for the arbitrators' decision"—FINRA Rule 12904(g) makes it incumbent on the parties to jointly request an explained decision no later than the time for the prehearing exchange of documents and witness list. *See* FINRA Rule 12904(g)(1), (2), and (3). There is no indication that the parties pursued that request here.

### III. CONCLUSION

Accordingly, the Court finds it is without the authority to remand the Arbitration Award to allow the Arbitration Panel to clarify the Award. Plaintiff's Motion is **DENIED**. The Court will enter an appropriate form of Order.